United States District Court
Middle District of Florida
Jacksonville Division

**SHIRENA L. GILBERT,**

 *Plaintiff,*

v.                No. 3:17-cv-588-J-PDB

**COMMISSIONER OF SOCIAL SECURITY,**

 *Defendant.*

# Order

 The Court reversed the denial of Shirena L. Gilbert's application for benefits and remanded for further proceedings under sentence four of 42 U.S.C. § 405(g). Doc. 23. Without opposition, Gilbert requests $4826.15 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 25.

 In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fees are reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) her request is timely, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstance would make the award unjust. *Id.* at 158; 28 U.S.C. §§ 2412(d)(1) & (2). An EAJA award is to the party, not her attorney, and subject to an offset to satisfy any preexisting debt the party owes the United States. *Astrue v. Ratliff,* 560 U.S. 586, 592–93 (2010).

 A social-security plaintiff prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). An EAJA request is timely if made within 30 days of when the judgment becomes final. *See* 28 U.S.C. §§ 2412(d)(1)(B) &

(d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). An EAJA request must contain an allegation that the Commissioner's position was not substantially justified, *Jean*, 496 U.S. at 160, and, if made, the Commissioner bears the burden of showing it had been substantially justified, *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). A court may deny an EAJA request based on equitable considerations. *Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004).

The first four conditions are satisfied here, and, as to the fifth, no equitable consideration is apparent or presented that would make an EAJA award unjust. Gilbert prevailed because the Court ordered a sentence-four remand. Doc. 23. Her December 11, 2018, motion, Doc. 25, is timely because she made it within 30 days of November 26, 2018—the date on which the Court's September 24, 2018, judgment, Doc. 24, became final. She represents that her net worth at the time this case was filed was less than $2 million, Doc. 25 ¶ 5, and the Court accepts that representation. Her motion includes an allegation that the Commissioner's position was not substantially justified, Doc. 25 ¶ 4, and the Commissioner has not attempted to satisfy her burden of showing otherwise. The Commissioner does not contend this case presents a special circumstance, and none is apparent. Thus, Gilbert is eligible to receive an EAJA award, and the only remaining issue is whether the requested amount is reasonable.

The EAJA provides that an attorney's fee "shall be based upon prevailing market rates for the kind and quality of the services furnished, except … shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since March 1996, when the amount was last amended] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

"The EAJA ... establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step ... is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34. "By allowing district courts to adjust upwardly the [$125] hourly fee cap to account for inflation, Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation[.]" *Id.* at 1034.

If adjusting the fee cap, a court should use the cost-of-living increase to when the attorney performed the work, not to a later time. *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997). To do otherwise amounts to awarding interest for which the United States has not waived sovereign immunity. *Id.*; *see also United States v. Aisenberg*, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004) (finding *Masonry* and similar opinions persuasive in an analogous context).

The party requesting fees must demonstrate reasonableness. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That burden includes "supplying the court with specific and detailed evidence." *Id.* at 1303. A court itself is an expert on reasonable rates, may consider its own "'knowledge and experience'" concerning reasonable rates, and may "'form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* at 1303 (quoting *Campbell v. Green,* 112 F.2d 143, 144 (5th Cir. 1940)).

Besides demonstrating the reasonableness of rates, a party requesting fees must show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Reasonable time spent preparing an EAJA fee motion is compensable. *Jean*, 496 U.S. at 157.

3

Gilbert is represented by Chantal J. Harrington, Esquire. Harrington provides no affidavit on her experience or customary rate, but it is known in the legal community and reflected in her many appearances in hundreds of social-security cases that she specializes in social-security work and has done so for many years. Records of The Florida Bar indicate that she has been a member since 1989. *See* "Find a Lawyer" on www.floridabar.org.

Gilbert submits a "Time Report" of Harrington's work on her case. Doc. 25-1. Harrington spent 23.3 hours working on the case in 2017 (most of it in November) and 1.2 hours in 2018 (in September and November), for a total of 24.5 hours. Doc. 25-1. Tasks included reviewing the record and rulings, corresponding with Gilbert, and preparing the brief in opposition to the Commissioner's decision. Doc. 25-1. The administrative record is 1462 pages. Doc. 11.

Gilbert's $4826.15 request is based on two time periods. First, she requests $4585.21 based on the 23.3 hours Harrington worked in 2017 multiplied by a rate of $196.79 (a rate based on the $125 EAJA cap and a cost-of-living increase indexed from March 1996 to the annual all urban consumers price index ("CPI") for 2017). Doc. 25 ¶ 6. Second, she requests $240.94 based on the 1.2 hours Harrington worked in 2018 multiplied by a rate of $200.78 (a rate indexed to the CPI for the first half of 2018). Doc. 25 ¶ 6.

On the first step (determining the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation), based on the Court's own knowledge and expertise, the market rate in Jacksonville for services provided by lawyers of comparable skills, experience, and reputation to Harrington exceeds $125 an hour.

On the second step (determining whether to adjust the rate upward from $125), the increase in the cost of living justifies an upward adjustment from $125 based on the increase in the cost of living for urban areas from March 1996 to when Harrington

performed her work. The $196.79 rate that Gilbert proposes for Harrington's work in 2017 is appropriate (and slightly less than the $197.92 rate indexed to December 2017), and the $200.78 rate that Gilbert proposes for Harrington's work in 2018 is appropriate (and slightly less than the $202.34 rate indexed to November 2018). On the reasonableness of the hours, none of the work by Harrington appears clerical or secretarial, and none appears excludable as unnecessary. *See* Doc. 25-1. The number of hours is reasonable.

Using the requested number of hours and rate, attorney's fees of $4826.15 are appropriate.

Because Gilbert is eligible and her requested attorney's fees are reasonable, the Court **grants** the motion for EAJA fees, Doc. 25; **awards** her **$4826.15** in attorney's fees; and **directs** the Clerk of Court to enter judgment in favor of Shirena L. Gilbert and against the Commissioner in the amount of **$4826.15**. The Court leaves to the Commissioner's discretion whether to accept Gilbert's assignment of EAJA fees to Harrington after determining if Gilbert owes a federal debt. *See* Doc. 25-2.

**Ordered** in Jacksonville, Florida, on December 26, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record