United States District Court
Middle District of Florida
Jacksonville Division

**SHIRENA L. GILBERT,**

    *Plaintiff,*

v.                                                                                           **NO. 3:17-cv-588-J-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

## Order

Shirena Gilbert's attorney, Chantal Harrington, has filed a corrected petition under 42 U.S.C. § 406(b) seeking an award of $21,788 for her successful representation of Gilbert in this action. Doc. 30. The Commissioner of Social Security has no opposition. Doc. 30 at 19.

## Background

Gilbert applied for disability-insurance benefits. Tr. 153. An Administrative Law Judge found her not disabled, Tr. 30, and the Appeals Council denied her request for review, Tr. 1.

Gilbert brought this action to challenge the agency decision. Doc. 1. She and Harrington entered into a contingent-fee agreement under which Harrington agreed to represent her, and Gilbert agreed to pay Harrington 25 percent of any past-due benefits minus any attorney's fees paid under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 30-3.

Harrington filed a complaint, Doc. 1, and a 20-page brief arguing why the Commissioner was wrong, Doc. 19, and the Commissioner filed a response arguing otherwise, Doc. 22. The Court reversed and remanded for further agency proceedings.

Docs. 23, 24. The Court later granted Harrington's request under the EAJA for $4826.15 in attorney's fees based on 24.5 hours of work. Doc. 26.

On remand, the agency awarded Gilbert more than $111,000 in past-due benefits and withheld twenty-five percent of the amount for attorney's fees. Doc. 30 at 3; Doc. 30-2 (notice). A petition, Doc. 28, and corrected petition, Doc. 30, followed.

## Law & Analysis

For representation during court proceedings, 42 U.S.C. § 406(b) provides that an attorney who obtains remand may petition for fees, and the court, as part of its judgment, may allow reasonable fees that do not exceed 25 percent of past-due benefits. *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275–77 (11th Cir. 2006). The fees are from the past-due benefits. 42 U.S.C. § 406(b)(1)(A). "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019).

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. *Id.* § 2412(d)(1)(A). The fees are based on the attorney's hours and rate, capped at $125 per hour, unless a special circumstance justifies more. *Id.* § 2412(d)(2)(A).

An attorney may obtain fees under both § 406(b) and the EAJA but must refund the lesser fees to the claimant and may do so by deducting the EAJA fees from the § 406(b) fees. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). A court reversibly errs by instead employing the lodestar method. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 849–51 (11th Cir. 2020).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. *Id.*

*Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* at 807. In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.

After *Gisbrecht*, to assess the reasonableness of requested fees, courts have also considered the risk of litigation loss, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010).

Harrington explains the agency issued a final notice of award on August 10, 2020.[1] *See* Doc. 30-2 (notice). The contingent-fee agreement contemplates fees of

---

[1]Under the Court's standing order, counsel must request fees "not later than thirty (30) days" after the agency sends a letter "to the plaintiff's counsel of record at the conclusion of the Agency's past-due benefit calculation stating the amount withheld for attorney's fees." *In re: Procedures for Applying for Attorney's Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2)*,

$27,788 (25 percent of past-due benefits), Doc. 30-3, but Harrington seeks only **$21,788**.[2] Doc. 30 at 1–2.

To satisfy her burden of establishing the requested amount is reasonable, Harrington observes she accepted a great risk of no fees in accepting representation, the amount does not exceed 25 percent of the past-due benefits and is authorized by the contingent-fee agreement, Gilbert obtained substantial past-due benefits, Gilbert benefited from Harrington's skills and experience in social-security actions, Harrington acted speedily and diligently, and other courts have approved similar or higher fees. Doc. 30 at 7–14. Harrington contends that, considering those circumstances, $21,788 is not a windfall. Doc. 30 at 15–18.

For the reasons provided by Harrington, the requested fees are reasonable. The Court is mindful of *Gisbrecht*'s instruction that a downward adjustment is in order if the benefits are large compared to the time spent on the action. *See Gisbrecht*, 535 U.S. at 808. But considering the substantial risk of no award, that Gilbert's success may be attributed to Harrington's skills and experience, and that Harrington is seeking less than the contractual and statutorily-authorized amount, it is appropriate for her to "reap the benefit of her work." *See Jeter*, 622 F.3d at 381 (quoted).

Recognizing that the EAJA fees must be refunded, Harrington asks the Commissioner to pay her $16,961.85 (the difference between the requested amount and the EAJA fees).

---

6:12-mc-124-orl-22 (Nov. 14, 2012). The agency sent the letter on August 10, 2020, and Harrington filed a petition on September 8, 2020, Doc. 28, making the petition timely.

[2]Harrington explains the attorney who represented Gilbert on remand, Michael Sullivan, filed a fee petition in the amount of $6000. Doc. 30 at 3. The $21,788 she seeks is the balance of the total fees withheld ($27,788) minus $6000.

## Conclusion

The Court:

1. **grants** the corrected petition, Doc. 30;

2. authorizes Harrington to charge Gilbert $21,788 from past-due benefits for her successful representation of her, with the Commissioner paying Harrington the net amount of **$16,961.85** to account for the $4826.15 in EAJA fees that must be refunded; and

3. **directs** the clerk to enter judgment accordingly and close the file.

**Done and ordered** in Jacksonville, Florida, on October 13, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record